IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV427-V-02
(3:03CR36-01-McK)


| | | |
|---|---|---|
| WILLIAM JUNIOR JACOBS, | ) | |
|     Petitioner, | ) | |
| | ) | |
|       v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the petitioner's

Motion to Vacate under 28 U.S.C. §2255, filed October 7, 2005.

After having carefully reviewed the petitioner's Motion, the

record of the petitioner's criminal case, and the relevant legal

precedent, the Court concludes, out of an abundance of caution,

that the petitioner's Motion to Vacate should be <u>granted</u>, but

only for the purpose of allowing him to pursue a direct appeal of

the sentences from his underlying criminal case.

## I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the record, on August 26, 2003, the petitioner

(along with eight others) was named in a Superceding Bill of

Indictment which charged him with, <u>inter alia</u>, conspiracy to

possess with intent to distribute, and to distribute cocaine

powder and cocaine base, all in violation of 21 U.S.C. §841

(Count One); it charged him with using and carrying a firearm

during and in relation to a drug trafficking crime, in violation

of 18 U.S.C. §§924(c)(1) and 2 (Count Eleven); and it charged him with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1).

On January 2, 2004, the petitioner entered into a written Plea Agreement with the government, whereby he agreed to plead guilty to these three charges. Consequently, on April 8, 2004, the petitioner appeared before the Court and tendered his guilty pleas as contemplated by that Agreement. Upon the conclusion of that Plea & Rule 11 Proceeding, the Court conditionally accepted the petitioner's guilty pleas.

On October 27, 2004, the government filed a Motion for a Downward Departure. Such Motion noted that the petitioner's adjusted Offense Level was 37, and his Criminal History Category was VI, thereby exposing him to a term of 420 months to life imprisonment. However, based upon the petitioner's cooperation, the government asked the Court to depart down to Offense Level 33, resulting in a corresponding range of 235 to 293 months imprisonment. The government's Motion ultimately recommended a sentence of 240 months for the petitioner.

On October 27, 2004, the Court held a Factual Basis & Sentencing Hearing for the petitioner. On that occasion, the Court reviewed the record, the Pre-Sentence Report and other pertinent matters. The Court then granted the government's Motion for Downward Departure, and sentenced the petitioner to a total term of 240 months imprisonment on all of his convictions.

The Court's Judgment was filed on December 16, 2004.

The petitioner did <u>not</u> appeal his convictions or sentences. Rather, on October 7, 2005, the petitioner filed the instant Motion to Vacate, alleging several matters, including that he was subjected to ineffective assistance of counsel by virtue of his attorney's failure to honor his request for a direct appeal. Having carefully considered this matter, the Court concludes, out of an abundance of caution, that the petitioner's Motion to Vacate should be <u>granted</u> for the limited purpose of allowing him to perfect a direct appeal.

## II. <u>ANALYSIS</u>

Indeed, in <u>United States v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is <u>per se</u> ineffective assistance of counsel--irrespective of the merits of the appeal. <u>See also</u> <u>Evitts v. Lucey</u>, 469 U.S. 387, 391-05 (1985) (same); <u>and</u> <u>United States v. Witherspoon</u>, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

In the instant case, the petitioner has alleged that at the time that his sentences were announced, he asked his attorney to file an appeal so that he could challenge his sentences (but not his convictions). However, the petitioner reports that his attorney advised him that he "could not help" him file an appeal, and he (the petitioner) could only obtain an appeal if he pursued

a claim of ineffective assistance against counsel.  Thus, even if the government were to file an answer or other response which attaches an affidavit in which counsel simply denies such representations, the Court still would be compelled to give the petitioner the benefit of the doubt on this matter.

Accordingly, in light of _Evitts_ and _Peak_, the Court concludes that the petitioner's Motion to Vacate should be <u>granted</u>. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken.  Thus, the Court will vacate its Judgment so that the petitioner may appeal his conviction and/or sentence.

### III.  <u>NOTICE OF APPELLATE RIGHTS</u>

Mr. Jacobs, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals.  If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later.  The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing

fees.  You should discuss the question of appeal with your
attorney, if you have one, but whatever he or she may tell you,
the responsibility for filing the Notice of Appeal remains with
you, and you must file such Notice within the aforementioned 10-
day period in order to make it effective.

## IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.  That the petitioner's Motion to Vacate is **GRANTED,** but
only for the purpose of allowing the petitioner to appeal his
sentences;

2.  That the petitioner's original Judgment is **VACATED** due
to counsel's failure timely to file an appeal as requested by the
petitioner;

3.  That the Clerk is directed to prepare a new Judgment
with the same sentences and conditions as indicated on the
original Judgment form;

4.  That the petitioner may appeal from his new Judgment as
has been explained in this Order;

5.  That if counsel for the government is aware that former
defense counsel has in his possession a document which affirma-
tively establishes that the petitioner advised counsel that he
did not want to appeal, or which otherwise conclusively rebuts
the petitioner's allegation that counsel failed to file an appeal
as requested, counsel for the government may present such evi-
dence to the Court by way of an appropriate request for

reconsideration; and

6.   That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: October 18, 2005

Richard L. Voorhees
United States District Judge