# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10CV323-1-W
# 3:03CR36

| | |
|---|---|
| **WILLIAM JUNIOR JACOBS,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed July 16, 2010.

A review of the subject Motion to Vacate and the pertinent record reflects that on August 26, 2003, Petitioner was one of several individuals named in a Superceding Bill of Indictment which charged him with, inter alia, conspiracy to possess with intent to distribute, and to distribute cocaine powder and cocaine base, all in violation of 21 U.S.C. § 841 (Count One); using and carrying a firearm during and in relation to a drug trafficking crime and in furtherance of such drug trafficking crime did possess said firearm, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Eleven); and with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Twelve). (Crim Case No. 3:03cr36: Doc. No. 73.)

On January 2, 2004, Petitioner entered into a written Plea Agreement with the government, whereby he agreed to plead guilty to these three charges. (Crim Case No. 3:03cr36: Doc. No. 119.)

Consequently, on April 8, 2004, Petitioner appeared before the Court and tendered his guilty pleas as contemplated by that Agreement. (Crim Case No. 3:03cr36: Doc. No. 123.) Upon the conclusion of that Plea & Rule 11 Proceeding, the Court accepted Petitioner's guilty pleas. (Crim Case No. 3:03cr36: Doc. No.123.)

On October 27, 2004, the Court held a Factual Basis & Sentencing Hearing for Petitioner. (Crim Case No. 3:03cr36: Doc. No. 240.) On that occasion, the Court reviewed the record, the Pre-Sentence Report and other pertinent matters. The Court then granted the government's Motion for Downward Departure,[1] and sentenced Petitioner to a total term of 240 months imprisonment on all of his convictions. The Court's Judgment was filed on December 16, 2004.[2] (Crim Case No. 3:03cr36: Doc. No. 173.)

Petitioner did not directly appeal his sentence or conviction. However, on October 7, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Case No. 3:05cv427: Doc. No. 1.) On October 18, 2005, after reviewing Petitioner's first Motion to Vacate, this Court granted his motion in limited part to allow him to file a notice of appeal. (Civ. Case. No. 3:05cv427: Doc.

---

[1] The downward departure motion noted that Petitioner's adjusted Offense Level was 37, and his Criminal History Category was VI, thereby exposing him to a term of 420 months to life imprisonment. However, based upon Petitioner's cooperation, the government asked the Court to depart down to Offense Level 33, resulting in a corresponding range of 235 to 293 months imprisonment. The government's Motion ultimately recommended a sentence of 240 months for Petitioner. (Crim Case No. 3:03cr36: Doc. No. 164.)

[2] It also appears that Petitioner's Motion to Vacate is untimely. Petitioner's conviction became final on or about December 30, 2005, when his time to file a direct appeal expired. Petitioner's limitation period under AEDPA then expired one year later on or about December 31, 2006. 28 U.S.C. § 2255. Petitioner did not file the instant Motion to Vacate until well over three and a half years later on July 16, 2010. Petitioner's assertion that he just discovered that he had a legal claim is not sufficient to warrant equitable tolling. Likewise, his filing of an untimely notice of appeal did not impact the limitation period. Moreover, even if it did, his limitation period still expired prior to the filing of the instant Motion to Vacate.

No. 2.) Judgment was re-entered on December 15, 2005, to permit Petitioner to file a timely appeal. (Crim. Case No. 3:03cr36: Doc. No. 216.) Petitioner, however, waited until June 26, 2006, to file a Notice of Appeal. (Crim. Case No. 3:03cr36: Doc. No. 227.) On June 4, 2007, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal as untimely. (Crim. Case No. 3:03cr36: Doc. No. 243.) Petitioner has now filed a second Motion to Vacate alleging that this Court erred in sentencing him to a sixty month consecutive sentence for his 18 U.S.C. § 924(c) conviction.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claim.

### II. PETITIONER HAS WAIVED HIS RIGHT TO RAISE THESE CLAIMS

Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in appellate or post-conviction motions except for claims of ineffective assistance of counsel or prosecutorial misconduct. (3:03cr36: Doc. No. 119 at ¶ 16.)

At his Rule 11 hearing, Petitioner swore under oath[3] that, among other things, he understood that, except in limited circumstances, he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding. (3:03cr36: Doc. No. 239 at 9-11.)

The United States Court of Appeals for the Fourth Circuit has upheld knowing and voluntary waivers to contest convictions or sentences in § 2255 motions. See United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005); accord United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir. 2005)(upholding defendant's knowing and voluntary waiver of appellate rights). The claim raised by Petitioner in his Motion to Vacate does not fall within the scope of the exceptions to the post-conviction waiver provision. Consequently, inasmuch as Petitioner has not alleged or suggested that his plea agreement is somehow invalid or that his guilty plea was unknowing or involuntary,[4] this Court concludes that the agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge his sentence on the ground raised in his Motion to Vacate.

### III. PETITIONER'S CLAIM IS PROCEDURALLY DEFAULTED

Even if Petitioner had not waived his right to raise this claim in a § 2255 proceeding, he has procedurally defaulted this claim. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). A review

---

[3] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

[4] The Court has independently reviewed Petitioner's entire Rule 11 transcript and found nothing to indicate that Petitioner's guilty plea was unknowing or involuntary. [3:03cr36: Doc. No. 239.]

of the record reveals that Petitioner did not timely file a direct appeal and therefore he did not raise these claims on direct appeal. Petitioner states that he did not raise this claim previously because he has often been housed in Special Housing and therefore because of his limited access to legal resources he just learned of this issue. This assertion does not allege any basis for finding that cause and prejudice exist to excuse his failure to raise this claim on direct appeal. Nor does Petitioner allege that he is actually innocent. Accordingly, his failure to raise this claim on direct review has resulted in it being procedurally defaulted. Id.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of the claim contained in his Motion to Vacate as he has waived his right to seek collateral review of such claim in his plea agreement and, in the alternative, because they are procedurally defaulted. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED and DISMISSED;** and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

<mark>5</mark>

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: July 19, 2010

*[Signature]*
Frank D. Whitney
United States District Judge